# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT PORTER, | ) | CASE NO. 1:19CV210 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| CHARLOTTE OWENS, Warden,[1] | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter comes before the Court on Petitioner Robert Porter's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (Doc. 1). For the following reasons, the Court **ADOPTS AND ACCEPTS** the Magistrate Judge's Report and Recommendation, **GRANTS** Respondent's Motion to Dismiss (Doc. 8) and **DISMISSES** Petitioner's Petition as time-barred.

## FACTS

The following is a procedural synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated herein, provides a more thorough discussion.

---

[1] The new warden at Toledo Correctional Institution is Charlotte Owens. (https://drc.ohio.gov/toci, last accessed Feb. 28, 2020).

A Cuyahoga County Grand Jury indicted Petitioner on eight counts related to the armed robbery and murder of Curtis Marks. (Doc. 8-1, 306).[2] On the first day of trial, Petitioner agreed to plead guilty to two-amended charges while the State dismissed the remaining counts. (*Id.* at 307). Petitioner also agreed to testify against his codefendant, Julius Webster. (*Id.*). However, he ultimately did not testify against Mr. Webster. (*Id.* at 308).

Instead, Petitioner moved to withdraw his guilty plea. (*Id.* at 176). Petitioner claimed that he did not enter the plea knowingly and voluntarily. *See generally*, (*Id.* at 176-79). The State trial court held a hearing on February 19, 2015. (*Id.* at 194). At the hearing, Petitioner testified for almost 45 minutes. (*Id.* at 196). According to the trial court, "[t]he essence of the testimony was that [Petitioner] regretted the plea 'as soon as he made it[.]'" (*Id.*). A review of the hearing transcript confirms the trial court's summation.[3] Ultimately, the trial court denied Petitioner's motion to withdraw his guilty plea. (*Id.* at 197-98). On March 12, 2015, the trial court sentenced Petitioner to an aggregate term of prison for 20 years on the two amended charges.[4] (*Id.* at 199-200).

On June 25, 2015, Petitioner filed a delayed appeal with the Ohio Court of Appeals. (*Id.* at 201). Relevant here, Petitioner made the following assignment of error for the appellate court's review: "The trial court abused its discretion when it overruled [Petitioner's] motion to withdraw his plea." (*Id.* at 309). On September 15, 2016, the appellate court overruled Petitioner's assignment of error and affirmed the trial court's decision to deny Petitioner's

---

[2] All citations to the Record are in the following format: (Doc. #, PageID: #).

[3] Petitioner testified that he wanted to withdraw his plea "a couple days later." (Doc. 8-1, 581). He repeated this request to his attorneys approximately nine times. *Id.*

[4] As discussed by the Magistrate Judge, the trial court also found that Petitioner violated the terms of his community control in a separate case and sentenced him to serve an additional, consecutive four-year prison term, bringing Petitioner's total term of prison to 24 years. Petitioner appealed this added sentence and the appellate court reversed this portion of the trial court's decision. (Doc. 12, 687-88).

motion to withdraw his guilty plea. (*Id.* at 312). Petitioner did not appeal this decision to the Ohio Supreme Court.

On March 31, 2017, Attorney Drucker (Petitioner's trial counsel) authored a letter at Petitioner's request (the "Drucker Letter"). (*Id.* at 353). The Drucker Letter states that: "Shortly after entering his guilty pleas[,] [Petitioner] contacted the undersigned and requested that a Motion to Vacate Guilty [P]lea be filed on his behalf. I [Attorney Drucker] recall this request was by phone call and was within days after entering his plea." (*Id.*).

Based on the Drucker Letter, Petitioner filed a Petition for Postconviction Relief with the trial court. (*Id.* at 322). The trial court summarily denied the Petition. (*Id.* at 364). Upon appeal, the appellate court affirmed the trial court because the postconviction petition was untimely under Ohio law. *See generally*, (*Id.* at 434-443). Petitioner appealed this decision to the Ohio Supreme Court but the Court declined jurisdiction. (*Id.* at 473).

On May 4, 2018, Petitioner filed an Application to Reopen his appeal with the appellate court under Ohio Rule of Appellate Procedure 26(B). (*Id.* at 474). Petitioner presented arguments as to why his Application was untimely. (*Id.* at 474-82). On July 6, 2018, the appellate court denied the Application as untimely. (*Id.* at 490-94). Again, Petitioner unsuccessfully sought review of this decision with the Ohio Supreme Court. (*Id.* at 514).

On January 4, 2019, Petitioner mailed the instant Petition for habeas relief. (Doc. 1). He asserted the following ground for relief:

> **GROUND ONE:** Petitioner's Federal constitutional rights were violated when the State refused to allow him to withdraw his guilty plea.

(*Id.* at 5).

On January 30, 2019, the Court referred the Petition to Magistrate Judge Thomas M. Parker for a Report and Recommendation. (Doc. 4). On April 4, 2019, Respondent filed a Motion to Dismiss the Petition as time-barred. (Doc. 8). On June 21, 2019, Petitioner's Reply to the Motion to Dismiss was docketed. (Doc. 11). On September 23, 2019, the Magistrate Judge issued his Report and Recommendation, in which he recommended that the Court grant Respondent's Motion and dismiss the Petition. (Doc. 12). On October 21, 2019, Petitioner mailed his Objection to the Report and Recommendation. (Doc. 15).

## STANDARD OF REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997). The relevant provisions of the AEDPA state:

> (d)(1) A [one]-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) – (2).

Rule 8(b)(4) of the Rules Governing § 2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

In his Objections to the Report and Recommendation, Petitioner claims his Petition is timely under either § 2244(d)(2) or § 2244(d)(1)(D). In the event that his Petition is untimely, Petitioner argues he should be entitled to equitable tolling. Finally, Petitioner claims that the Court should issue him a Certificate of Appealability should the Court rule in favor of Respondent. For the following reasons, Petitioner's objections are meritless.

## ANALYSIS

**'Properly Filed' Under § 2244(d)(2)**

The Magistrate Judge determined the Petition was time-barred. He found that Petitioner did not properly file his State postconviction petition or other motions for collateral review. Thus, the statute of limitations period was not tolled. Petitioner disagrees and claims that he demonstrated good cause as to why his State filings were untimely. Petitioner cites case law to support his claim that a State court's finding on 'good cause' is not dispositive in Federal habeas review and thus the Court can toll the statute of limitations.

The Court agrees with the Magistrate Judge. The Supreme Court in *Pace v. DiGuglielmo* determined that time limits, no matter their form, are 'filing' conditions. 544 U.S. 408, 417

(2005). Thus, a State court's rejection of a petitioner's State filings as untimely are not properly filed and a petitioner is not entitled to tolling under § 2244(d)(2). *Id.*

Here, Petitioner's State postconviction petition and application to reopen his appeal—under R.C. § 2925.21 and Ohio Appellate Rule 26(B) respectively—have time limits to filing. *See Board v. Bradshaw*, 805 F.3d 769, 776 (6th Cir. 2015). The Ohio Court of Appeals determined Petitioner's filings under these provisions were untimely. As *Pace* determined: "[w]hen a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." *Pace*, 544 U.S. at 414 (citation omitted). Thus, the Court will not question the appeals court's decision on good cause.

Since the Ohio courts have previously found Petitioner's filings untimely, the filings are not 'properly filed' and cannot toll the statute of limitations under § 2244(d)(2).

**Discovery of Factual Predicate under § 2244(d)(1)(D)**

The Magistrate Judge also determined that Petitioner did not uncover a new factual predicate to justify a later start to the statute of limitations. Rather, the Drucker Letter was not "new evidence" because Petitioner already knew the information within the letter. Petitioner disagrees. While it is true that Petitioner previously testified to these facts at the motion hearing, Petitioner did not understand the legal significance of his testimony. It was not until the Drucker Letter that he uncovered the significance of his testimony.

The Court agrees with the Magistrate Judge. As discussed above, "[t]he statute of limitations begins to run from the latest of four events, one of which is 'the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.'" *Souter v. Jones*, 395 F.3d 577, 586 (6th Cir. 2005) (quoting 28

U.S.C. § 2244(d)(1)(D)). The factual predicate must consist of new evidence rather than merely cumulative evidence. *Id.* at 587.

The Drucker Letter is not new evidence that created a new factual predicate. As the Magistrate Judge highlighted, Petitioner already testified to the same facts at his original motion hearing. Despite Petitioner's claims otherwise, the Drucker Letter is merely cumulative of Petitioner's testimony to the trial court.

More importantly, Petitioner's sole Ground for Relief is the same as he first asserted in his delayed direct appeal. There, Petitioner claimed "[t]he trial court abused its discretion when it overruled the appellant's motion to withdraw his plea." Now, Petitioner claims that his "[F]ederal constitutional rights were violated when the [S]tate refused to allow him to withdraw his guilty plea." Thus, Petitioner is basing his current Federal habeas Ground for Relief *on the same factual predicate* as his direct appeal assignment of error.

Accordingly, Petitioner did not uncover a new factual predicate based on the Drucker Letter. Petitioner previously testified to the same facts before. Moreover, Petitioner's current Ground for Relief is based on the trial court's denial of his motion to withdraw his plea, which was readily known to Petitioner since the time of the denial.

**Equitable Tolling**

The Magistrate Judge determined that Petitioner is not entitled to equitable tolling because Petitioner did not demonstrate that he diligently pursued his rights in filing his Federal habeas petition. Petitioner claims he diligently asserted his claims to the Ohio courts. Moreover, Petitioner believed he had to first exhaust his State court remedies before filing in Federal court. Finally, Petitioner claims tolling is proper because of the ineffective assistance of counsel he received throughout the litigation of his case.

Petitioner's objections are meritless. Equitable tolling allows courts to review time-barred petitions "provided that 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robinson v. Easterling*, 424 Fed. App'x 439, 442 (6th Cir. May 20, 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). A habeas "petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010).

Petitioner has not demonstrated that he has pursued his rights diligently. Petitioner's statement that he was unaware that his State filings would not toll the statute of limitations or that he needed to exhaust his claims is one that has previously been rejected. In *Pace*, the petitioner justified his untimely Federal habeas petition because he was exhausting his claims in State court. *Pace*, 544 U.S. at 416. The Supreme Court rejected this claim, instead holding that a prisoner can avoid this predicament "by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until his state remedies are exhausted." *Id.* (citing *Rhines v. Weber*, 544 U.S. 269, 278 (2005)). Petitioner here never filed a protective petition. Moreover, Petitioner's ignorance of this procedure cannot excuse his failure to comply with statutory requirements. *See Spencer v. White*, 265 F. Supp. 2d 813, 818 (E.D. Mich. 2003) (citations omitted).

Finally, the cases Petitioner cites to support his position that equitable tolling is applicable in cases with attorney incompetence are distinguishable. For example, the prisoner in *Spitsyn* asked and hired counsel to file a habeas petition on his behalf. *Spitsyn v. Moore*, 345 F.3d 796, 798 (9th Cir. 2003). His attorney neglected to do so. *Id.* The Ninth Circuit found that, although "ordinary attorney negligence will not justify equitable tolling," the attorney's

misconduct here was "sufficiently egregious to justify equitably tolling of the one-year limitations period under AEDPA." *Id.* at 800-01. In reaching this conclusion, the *Spitsyn* court relied on *Baldayaque v. United States*, 338 F.3d 145 (2d Cir. 2003), a case that "posed a factual situation similar" to the case before the court. *Id.* at 801. While Petitioner here relies on both *Spitsyn* and *Baldayaque*, his case is factually distinguishable. For one, Petitioner did not hire or ask separate counsel to file his Petition. Further, Petitioner has been well-aware of the Ground for Relief he alleges here—he has advanced the argument since his direct appeal.

Accordingly, this is not an extreme case where counsel's perceived failures presented some extraordinary circumstance that stood in Petitioner's way from timely filing his Petition.

**Actual Innocence**

The Magistrate Judge determined that, while Petitioner asserted he is actually innocent, Petitioner has not produced new evidence—or any evidence at all—to substantiate such a claim. Petitioner objects and argues that he has not produced new evidence because there has not been a trial. If there were, Petitioner would "offer a credible…defense that would demonstrate that the State could not prove the elements of any form of complicity under R.C. § 2923.03." (Doc. 15, 720).

The Court agrees with the Magistrate Judge. The untimeliness of a petition may be excused by a colorable showing of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). In order to be entitled to the exception, a petitioner must demonstrate that, "in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). "A valid claim of actual innocence requires 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'"

*Patterson v. Lafler*, 455 Fed. App'x 606, 609 (6th Cir. Jan. 9, 2012) (quoting *Schlup*, 513 U.S. at 324). "The evidence must demonstrate factual innocence, not mere legal insufficiency." *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Actual innocence is a rare exception and should "only be applied in the extraordinary case." *Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005) (citation omitted).

Petitioner's claim of actual innocence is not the extraordinary type to justify the actual innocence exception. Petitioner claims that if he were to proceed to trial, he would offer a credible defense to the elements of his conviction. In essence, Petitioner is challenging the legal sufficiency of his conviction. This Petitioner cannot do. He must demonstrate his *factual* innocence with *new* evidence.

Moreover, "[i]n cases where the [State] has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." *Bousley*, 523 U.S. at 624. Here, Petitioner faced eight counts. His claim of actual innocence does not extend to each of those counts. Since Petitioner has not provided new evidence that demonstrates his factual innocence as to each of the original eight counts, his claim of actual innocence fails.

Because Petitioner has not presented new evidence concerning his factual innocence, Petitioner cannot avoid the statute of limitations by a claim of actual innocence.

**Certificate of Appealability**

The Magistrate Judge determined Petitioner is not entitled to a certificate of appealability. Petitioner objects and claims that "a certificate of appealability must always issue where…the matter is fluid and the petitioner has made reasonable justifications for the exercise of a court's equity power." (Doc. 15, Page ID: 725).

Petitioner is not entitled to a certificate of appealability. Under 28 U.S.C. § 2253, "a certificate of appealability may" only be issued "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court in *Slack v. McDaniel* held that:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

529 U.S. 473, 484 (2000).

Petitioner makes no attempt to satisfy this standard. Indeed, this would be a difficult showing for Petitioner. Petitioner's sole claim stemming from the failure to withdraw his guilty plea has been evident since Petitioner initially tried to revoke his plea. Yet Petitioner waited nearly four years after the hearing to assert his claim in this Court. And since Petitioner has not demonstrated an exception or later start date for the commencement of the statute of limitations, no reasonable jurist would find the decision that the Petition is untimely debatable.

Petitioner's reliance on *Holland* is misguided. *Holland* did not discuss the issuance of a certificate of appealability. Rather, *Holland* determined that § 2244(d) is subject to equitable tolling in appropriate cases. The *Holland*-Court did not extend its equity discussion to § 2253(c)'s certificate of appealability analysis. Thus, Petitioner's reliance on *Holland* is inappropriate.

Accordingly, Petitioner is not entitled to a certificate of appealability.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS AND ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation (Doc. 12), **GRANTS** Respondent's Motion to Dismiss (Doc. 8) and **DISMISSES** Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) as time-barred.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3). As discussed above, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); FED. R. APP. R. 22(b); Rule 11 of Rules Governing § 2254 Cases.

**IT IS SO ORDERED.**

                                                  s/ Christopher A. Boyko
                                                  **CHRISTOPHER A. BOYKO**
                                                  **Senior United States District Judge**

**Dated: March 6, 2020**